```
             IN THE UNITED STATES BANKRUPTCY COURT

           FOR THE SOUTHERN DISTRICT OF TEXAS

                     GALVESTON DIVISION

                                  )
IN RE                             )
                                  )
HI-TECH FRIENDSWOOD AUTO          )   CASE NO. 04-80350-G3-11
CLINIC, INC.,                     )
                                  )
        Debtor,                   )
                                  )
HI-TECH FRIENDSWOOD AUTO          )
CLINIC, INC.,                     )
                                  )
        Plaintiff,                )
v.                                )   ADV. NO. 05-8014
                                  )
TEXAS FIRST BANK PIRATES          )
BEACH, et al.,                    )
                                  )
        Defendants.               )
                                  )
```

## MEMORANDUM OPINION

The court has considered the motion to dismiss contained in "Texas First Bank's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1),(2),(3),(6) and Answer Subject to the Motion to Dismiss" (Docket No. 5). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the motion to dismiss. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

## Findings of Fact

The above captioned Chapter 11 case was filed on March 4, 2004, and was dismissed and closed on December 17, 2004.

The complaint in the above captioned adversary proceeding was filed March 14, 2005.

The complaint in the above captioned adversary proceeding was not signed by counsel for Plaintiff.

## Conclusions of Law

Ordinarily, dismissal of a main bankruptcy case should result in dismissal of related adversary proceedings. The court has discretion to retain jurisdiction. In considering whether to retain jurisdiction, the court should consider economy, convenience, fairness, and comity. In re Querner, 7 F.3d 1199 (5th Cir. 1993).

Notwithstanding Querner, the court may not retain jurisdiction in a matter in which it never had jurisdiction. In re Bass, 171 F.3d 1016 (5th Cir. 1999).

In the instant adversary proceeding, a corporation seeks damages pursuant to Section 362(h) of the Bankruptcy Code based on an alleged violation of the automatic stay during the nine months in which the unsuccessful Chapter 11 case was pending. Questions of economy, convenience, and comity are not at issue in the instant adversary proceeding, because there is no other proceeding in which the claims brought by Plaintiff could be brought. See e.g. MSR Exploration, Ltd. v. Meridian Oil,

Inc., 74 F.3d 910 (9th Cir. 1996).

It is clear that a properly-filed action under Section 362(h) of the Bankruptcy Code may survive the dismissal of the case. See In re Javens, 107 F.3d 359 (6th Cir. 1997); Price v. Rochford, 947 F.2d 829 (7th Cir. 1991). However, the instant case presents a question of first impression with respect to the deadline by which such a cause of action must be filed. This court determines that a delay of approximately four months after dismissal of the main bankruptcy case is too long. Thus, it would be unfair to permit prosecution of the instant adversary proceeding. Moreover, because the complaint was not signed, it is subject to being stricken pursuant to Bankruptcy Rule 9011.

Based on the foregoing, a separate Judgment will be entered granting the motion to dismiss.

Signed at Houston, Texas on May 26, 2005.

HONORABLE LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE